09-1499-cr
USA v. Buker (Lauber)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

Present:
      ROBERT A. KATZMANN,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges*,
      LOUIS L. STANTON,
          *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                           No. 09-1499-cr

BARRY BUKER, LOUIS STEPHENSON,

_____

[*] The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants*,

DONALD LAUBER,

     *Defendant-Appellant.*

_____

| | |
|---|---|
| For Defendant-Appellant: | JARROD W. SMITH, Syracuse, NY |
| For Appellee: | GWENDOLYN CARROLL (Ransom P. Reynolds, *of counsel*), Assistant United States Attorneys, *for* Andrew T. Baxter, United States Attorney for the Northern District of New York, Syracuse, NY |

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the final judgment of conviction imposed April 13, 2009, is **AFFIRMED**.

Defendant-Appellant Donald Lauber appeals from a judgment imposed April 13, 2009 (Suddaby, *J.*), sentencing him principally to 16 months' imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's sentence for "'reasonableness.'" *United States v. Jass*, 569 F.3d 47, 65 (2d Cir. 2009) (quoting *United States v. Booker*, 543 U.S. 220, 262 (2005)). Our review proceeds in two steps. First, we determine whether the district court has complied with the procedural requirements of the Sentencing Reform Act. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*). "A district court commits procedural error where it . . . treats the Guidelines as mandatory . . . does not consider the §3553(a) factors, . . . [or] fails adequately to explain its chosen sentence." *Id.* at 190 (internal quotation marks and citations omitted). As to substantive reasonableness, we will "set aside a district court's substantive determination

2

only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks, citation, and emphasis omitted).

Lauber argues that the district court erred in failing to consider the factors set forth in 18 U.S.C. § 3553(a). Although we have "refrained from imposing any rigorous requirement of specific articulation [on] the sentencing judge," *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005), *abrogated on other grounds by United States v. Lake*, 419 F.3d 111, 113 n.2 (2d Cir. 2005), in this case, the district court explicitly stated that it had reviewed and considered the factors outlined in § 3553(a). Therefore, this argument is without merit. The same is true for Lauber's argument that the district court treated the Sentencing Guidelines as mandatory, in violation of *United States v. Booker*, 543 U.S. 220 (2005). There is nothing in the record to suggest that the district court did not understand that the Guidelines are advisory.

As to Lauber's argument that the district court improperly relied on Lauber's Canadian convictions, the Canadian convictions were actually not used in calculating Lauber's criminal history category and the district court did not upwardly depart under United States Sentencing Guidelines § 4A1.3. The district court was permitted to consider the "history and characteristics of the defendant" under 18 U.S.C. § 3553(a), and we find no error in its treatment of Lauber's Canadian convictions. Finally, we disagree with Lauber that his sentence is unreasonable given the less severe sentences imposed on his co-defendants. As the district court observed, whereas each of Lauber's co-defendants had one minor past offense, Lauber had a long criminal history beginning in 1991. The district court also indicated that Lauber's role in the offense was greater than his co-defendants'.

We have considered all of Lauber's other arguments and find them without merit. For the

3

foregoing reasons, the judgment of the district court is **AFFIRMED**.

<div style="margin-left:50%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK


By:_____

</div>

4